The State *versus* Amos C. Stuart.

The inhabitants of the town wherein the offence is alleged to have been committed are competent witnesses to sustain the prosecution, on the trial of an indictment against an inhabitant of the same town for being a common seller of wine, brandy, rum, and other strong liquors without license, contrary to the provisions of Rev. St. c. 36, § 17; although the town would be entitled to the penalty incurred.

The Court is under no legal obligation to quash a defective indictment on motion before the trial is concluded, as the party indicted has his remedy by a demurrer, or by a motion in arrest of judgment.

EXCEPTIONS from the Middle District Court, REDINGTON J. presiding.

An indictment was found against Stuart, an inhabitant of Gardiner, for that he, on June 1, 1842, and on divers days and times between that day and the finding of the indictment, at said Gardiner, " without any lawful authority, license or admission, did presume to be and was a common seller of wine, brandy, rum and other strong liquors by retail, in less quantity

than twenty eight· gallons, and did then and there sell and cause to be sold wine, brandy, rum and other strong liquors in manner aforesaid to divers persons to said jurors unknown, against the peace," &c.

The counsel for the defendant moved the Court to quash the indictment, as being too general, indefinite and uncertain. This the District Judge declined to do.

The witnesses called in behalf of the State, to support the indictment, were inhabitants of Gardiner. The counsel for the defendant objected to their admissibility as witnesses, because they were inhabitants of the town which would be entitled to the penalty on conviction. This objection was overruled, and the witnesses testified.

The verdict was guilty, and Stuart filed exceptions.

*Whitmore,* for Stuart, said· that the penalty, which would be imposed on conviction, enured to the benefit of the town of Gardiner, where the witnesses objected to lived. Rev. Stat. c. 36, § 17. The town, and of course· every inhabitant thereof subject to taxation, has therefore a direct interest in the result. The interest of a witness, however minute, at common law, disqualifies him from testifying. 14 Maine R. 204 ; Stark. Ev. 744, 775 ; 5 T. R. 174 ; 2 Show. 47 ; 10 East, 292 and 395 ; Greenleaf· on Ev. 435, 448, 406, 208.

Nor are the inhabitants of the town made competent witnesses by Rev. Stat. c. 115, § 75. The statutes provide that in their construction, the words used shall be construed according to the approved usage of our language. Rev. Stat. c. 1, first rule. An indictment cannot come within the meaning of the term "suits at law." No criminal prosecution can with· propriety be called a suit. Walker's Intr. to Am. Law, 503 ; 3 Bl. Com. 116 ; Jac. L. Dic. Title Action ; Rev. Stat. c. 146, § 15 and 16.

Section· 75 of c. 115 of Rev. Stat. is in derogation of the common law, and should be construed strictly. 4 Mass. R. 471 ; 15 Mass. R. 205.

*H. W. Paine,* County Attorney, said that at common law

an inhabitant of the town was a competent witness. Although the penalty incurred is for the use of the town, it is for the government, solely, to enforce the penalty. The fine must be deemed to be receivable by the government, and then is distributed by the government. 16 Peters, 203. There is no direct or certain interest in any one inhabitant of the town, and no one acquires a vested interest in the penalty on the conviction. If the inhabitants are not competent witnesses, the law would operate only as to persons belonging out of town. It has been decided in Massachusetts, that the owner of stolen goods is a competent witness, although on conviction he will be entitled to a restitution of his goods. 9 Mass. R. 30.

But Rev. Stat. c. 115, § 75, makes the inhabitants of towns competent witnesses. The whole of the Rev. Stat. may be taken into consideration in giving a construction to any provision thereof. 3 Metc. 130. The legislature intended that the term, "suits at law," should comprehend indictments for the recovery of penalties as well as suits. In Rev. Stat. c. 25, § 101, *suit* and *indictment* are manifestly used as meaning the same thing.

The opinion of the Court was prepared by

SHEPLEY J.— The defendant was indicted for being a common seller of wine, brandy, rum and other strong liquors, without license, contrary to the provisions of the statute, c. 36, § 17. Forfeitures and penalties exceeding twenty dollars, are to enure to the sole use of the town, in which the offence was committed. The witnesses introduced to prove the offence were inhabitants of the town, in which the offence was alleged to have been committed; and they were objected to as interested in the penalty to be recovered. If an action of debt had been commenced for the recovery of the penalty, as it might have been, the witnesses, if they should be considered as interested, would have been admissible under the provisions of the statute, c. 115, § 75. It is not probable, that the legislature designed, that witnesses should be admitted or excluded

merely on account of the form or name of the process used to recover the penalty. And yet an indictment can hardly be considered as included in the words "all suits at law." Were the witnesses incompetent according to the rules of the common law, because they were interested in the event of a conviction? The interest to exclude must be direct and certain, not contingent or consequential. If the penalty should be recovered and paid into the town treasury, the witnesses could have no title to any portion of it. They could be benefitted only by the diminution of a tax, which might afterward be assessed upon them. And they might not be inhabitants of that town, or be living, at the time of the next assessment. In the case of the *King* v. *Prosser*, 4 T. R. 20, Mr. Justice Buller states, that the question arose before Mr. Baron Burland, "in an action on a penal statute, which gave part of the penalty to the parish; and a person being called as a witness to support the action, who was liable to be rated to the poor, it was objected that such liability rendered him incompetent; but the learned Judge said, that as he was not rated, he had not an immediate interest at that time; and the witness was admitted. The same point has since been repeatedly ruled by different Judges." In the case of the *King* v. *The Inhabitants of Kirdford*, 2 East, 560, Lord Ellenborough says, "the rule is well laid down in *Rex* v. *Prosser*, and in other cases, particularly one mentioned by Mr. Justice Buller, in that case, before Baron Burland." And speaking of the interest of the witness in the case then under consideration, he said, "it was perfectly contingent, whether the witness would be interested or not; he might die, or part with his property before the making of the next rate." The same doctrine was held in the cases of *Cornwell* v. *Shepherd*, 1 Day, 35; *Eustis* v. *Parker*, 1 N. H. R. 273; *Bloodgood* v. *The overseers of the poor of Jamaica*, 12 Johns. R. 285. These authorities justify the presiding Judge in overruling the objection.

The counsel for the defendant moved the Court to quash the indictment as being too general, indefinite and uncertain in the description of the offence. This motion was overruled.

The Court was under no legal obligation to quash the indictment, if it had been defective; for the party had his remedy by a demurrer, or by a motion in arrest. *Rex* v. *Brotherton*, 1 Stra. 702; *Regina* v. *Parry*, 2 Ld. Raym. 865. If it were necessary to decide upon the indictment, it might be found sufficient. *Bulman's* case, 8 Greenl. 113. The bill of exceptions does not present any legal ground of complaint.

> *Exceptions overruled,*
> *and case remanded to the District Court.*